Filed 3/15/22  P. v. Zuniga CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C094486 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CF06063) |
| v. | |
| RICHELLE ANGELICA ZUNIGA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Richelle Angelica Zuniga has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

## FACTS AND HISTORY OF THE PROCEEDINGS

We provide the following brief description of the facts and procedural history of the case.  (See *People  v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)  The description of the facts is based on the probation report to which the parties stipulated as the basis for the plea.

1

Officers responded to a report of two suspicious motorcycles. While en route, the officers learned that Mark Hansen reported two motorcycles belonging to him—a KTM 520 EXE and a Honda CRS—had been stolen from his parents' nearby property. According to Hansen, his parents' home had been destroyed in the Bear Fire but a detached garage remained standing. Two days prior, his parents discovered that the garage had been burglarized and the motorcycles were missing. When deputies arrived at the location to which they were dispatched, they found Hansen's KTM motorcycle lying on its side. The Honda was not located at that time.

Officers subsequently executed a search warrant on a motor home and shed belonging to defendant and codefendant Jeremiah Vail. Hansen's Honda motorcycle was recovered during the search. Officers also found a Smith & Wesson .38-caliber revolver, an RG IND .38-caliber revolver, and other items missing from community members after the fire, including a trail camera, guitar, and burned silver coins.

The prosecutor filed a felony complaint charging defendant with residential burglary (Pen. Code, § 459—count 1);[1] felon in possession of a firearm (§ 29800, subd. (a)(1)—count 2); unlawful possession of ammunition (§ 30305, subd. (a)(1)—count 3); two counts of receiving stolen property exceeding $950 in value (§ 496, subd. (a)— counts 4 & 5); and receiving a stolen vehicle (§ 496d, subd. (a); count six), all felonies. Defendant also was charged with possession of burglary tools (§ 466—count 7); petty theft (§§ 484, subd. (a), 488, 490.2, subd. (a)—count 8); and receiving stolen property (§ 496, subd. (a)—count 9), all misdemeanors.

On January 28, 2021, defendant entered pleas of no contest to the charges of felon in possession of a firearm (count 2); receiving stolen property (count 4); and receiving a stolen vehicle (count 6). She also admitted that she suffered a prior felony. The balance

---

[1]    Undesignated statutory references are to the Penal Code.

of the complaint was dismissed with a restitution waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.

On June 24, 2021, the trial court denied probation and ordered defendant to serve a cumulative sentence of three years four months in state prison. The trial court imposed a $300 restitution fine (§ 1202.4, subd. (b)); imposed and suspended an identical parole revocation restitution fine (§ 1202.45); a $120 court operations assessment (§ 1465.8); and a $90 court conviction assessment (Gov. Code, § 70373).

Defendant filed a notice of appeal but failed to obtain a certificate of probable cause. (§ 1237.5.)

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of her right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors favorable to defendant, and accordingly, we will affirm the judgment.

DISPOSITION

The judgment is affirmed.

           KRAUSE   , J.

We concur:


   BLEASE   , Acting P. J.


   RENNER   , J.

3